UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARNELL BRITTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) No. 3:11-CV-616 |
| | ) (PHILLIPS/GUYTON) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 13 and 14] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Darnell Britton seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On September 19, 2009, the Plaintiff filed an application for a period of disability, disability insurance benefits, and/or supplemental security income, claiming a period of disability which began December 15, 2008. After his application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On December 1, 2010, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 22-53]. On January 20, 2011, the ALJ found that the Plaintiff was not disabled.

The Appeals Council denied Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since September 17, 2009, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: insulin dependent diabetes; hypertension; morbid obesity; arthritis; left 2nd toe amputation; and depression (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work as defined in 20 CFR 416.967(b) except he would be limited to 1 to 3 step instructions; no more than occasional changes in work settings or routines; no written instructions due to illiteracy; and precluded from working around unprotected heights or moving and hazardous machinery. In addition, he would be limited to no more than occasional postural activities, sitting is not restricted but standing and walking would be limited to no more than 1 hour at a time uninterrupted.

5. The claimant is capable of performing past relevant work as a tagging machine operator. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since September 17, 2009, the date the application was filed (20 CFR 416.920(f)).

2

[Tr. 13-18].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

3

> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)

4

(quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

5

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

IV.   POSITIONS OF THE PARTIES

The issue now before the Court is whether there is substantial evidentiary support for the ALJ's finding at step four that the Plaintiff's physical and mental impairments do not prevent him from doing his past relevant work.

The Plaintiff argues that the ALJ erred by finding that the Plaintiff is capable of performing past relevant work as a tagging machine operator. The Plaintiff maintains that this finding is based upon unreliable testimony from a vocational expert and an undeveloped and incomplete understanding of the Plaintiff's past relevant work. [Doc. 14 at 4-5].

The Commissioner argues that substantial evidence supports the ALJ's finding that Plaintiff could perform his past relevant work. [Doc. 16 at 4]. The Commissioner argues that the ALJ's reliance on the vocational expert's testimony was well-founded. The Commissioner maintains that the vocational expert heard the Plaintiff's testimony as to how he performed his past work as a tagging machine operator, and thereafter, the vocational expert used his experience to describe the tagging-machine-operator position as light, semiskilled work. [Doc. 16 at 5].

VI.   ANALYSIS

As noted above, the ALJ is charged with evaluating and considering the evidence in the record to determine a plaintiff's residual functional capacity. The residual functional capacity of

6

a plaintiff is the most the person can do in a work setting, despite physical and mental limitations. 20 C.F.R. § 416.945(a)(1).

In this case, the Plaintiff testified that he worked for a period operating a machine that attached the signature red tags to the back pockets of denim pants produced by Levi Strauss & Company. [Tr. 29]. The Plaintiff testified that the work was "light," and he explained that he did not sew the tags onto the pants. [Tr. 30]. Instead, he inserted the tag into a sleeve and the machine stitched it onto the pants. [Id.]. The Plaintiff confirmed that it "was not the most complicated job in the world," but he was "comfortable doing it." [Id.]. The Plaintiff pointed out that the position was of short duration, because the Levi Strauss & Company plant was shut down. [Id.].

At the hearing, the ALJ received testimony from Dr. J.D. Flynn, a vocational expert. Dr. Flynn identified the tagging-machine-operator position as light and unskilled, with a SVP 3.[1] In response to the ALJ's first hypothetical, Dr. Flynn testified that if the Plaintiff were limited to work at the medium exertional level, with no more than one to three step instructions, only ocassional changes in work settings and routine, and an accommodation for illiteracy, the Plaintiff could still perform his work as a tagging-machine operator. [Tr. 49-50]. In his second hypothetical, the ALJ reduced the exertional level to light exertion, added a preclusion from working with unprotected heights or hazards, and added only occasional postural activities. [Tr. 50]. Dr. Flynn responded to this hypothetical by confirming that the Plaintiff could perform the position as a tagging-machine operator with such restrictions. [Id.].

---

[1] Semiskilled work corresponds to an SVP of 3-4. Lancaster v. Comm'r of Soc. Sec., 228 Fed. App'x 563, 575 (6th Cir. 2007) (citing Social Security Ruling 00-4p).

7

After considering the evidence in the record, ALJ found that the Plaintiff could perform a limited range of light work, which is work that includes lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 416.967. The ALJ found that the Plaintiff was further limited to: (1) simple instructions consisting of one to three step instructions; (2) no more than occasional changes in work settings and routines; (3) no written instructions due to illiteracy; and (4) work that did not requiring exposure to unprotected heights and moving or hazardous machinery. [Tr. 15]. Finally, the ALJ found that the Plaintiff would be limited to standing and walking no more than one hour at a time uninterrupted. [Id.].

Based upon this residual functional capacity determination, the ALJ concluded that the Plaintiff could perform his past relevant work as a tagging-machine operator. The ALJ found that the Plaintiff was not disabled because he could perform his past relevant work.

The Plaintiff presents three allegations of error with regard to this finding: first, the job performed by Plaintiff is not a job described in the Dictionary of Occupational Titles; second, Dr. Flynn erroneously stated that his testimony was consistent with the Dictionary of Occupational Titles; and third, Dr. Flynn did not identify how many of the tagging-machine operator positions exist in the regional and national economies. [Doc. 14 at 6]. The Court will address each of these allegations of error in turn.

First, the Plaintiff notes that the Dictionary of Occupational Titles includes a "Tagger (textile)," 229.587.018, includes *inter alia* recording or stamping information such as prices or labels. The Plaintiff asserts, without explanation, that this position does not include the type of duties performed by Plaintiff. He asserts that the ALJ's finding that "the Plaintiff is capable of performing a past job is patently erroneous when Plaintiff never performed such a job as it is

8

described in the DOT . . . ." [Doc. 14 at 7].

The Plaintiff offers no case law or statutory provision in support of this assertion. The Court's review of the record and the case law undermines this assertion. See Thomas v. Comm'r of Soc. Sec., 24 Fed. App'x 158, 159 (4th Cir. 2001) (describing a "tagger in a textile mill" as light work); Geiser v. Astrue, 2011 WL 3163219 (M.D. Pa. 2011) (finding that the same tagger position referenced by the Plaintiff, which "fastens . . . tags . . . to cloth," is work consistent with a restriction to simple, routine, repetitive tasks). The Court finds that the Plaintiff has not demonstrated a conflict between the Dictionary of Occupational Titles, nor has he demonstrated that any such conflict would be reversible error.

The Plaintiff's second argument, as it is presented, is virtually indistinguishable from his initial argument. The Plaintiff alleges that Dr. Flynn's testimony is inconsistent with the Dictionary of Occupational Titles and the ALJ failed to resolve this inconsistency. The Court finds that the Plaintiff has not demonstrated any relevant inconsistency.

The Plaintiff has not developed his third argument beyond asserting it in his introduction to his position, where he states "the Vocational Expert did not identify how many such jobs exist in the economy thus failing to establish whether jobs of that type exist in substantial numbers (thus failing Step Five)." [Doc. 14 at 6]. This position is not well-taken because the ALJ found at step four that the Plaintiff could perform his past relevant work. Because the ALJ found that the Plaintiff could perform this work and thus was not disabled, the ALJ was not required to move onto step five of the analysis where the Commissioner would have borne the burden of proving positions were available in the regional and national economies. See 20 C.F.R. § 404.1520. The Court finds that the ALJ did not err in his sequential analysis of the Plaintiff's claim.

9

Based on the foregoing, the Court finds that the Plaintiff's allegations of error are not well-taken.

VII. **CONCLUSION**

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of performing light work with certain enumerated restrictions. Substantial evidence supports the ALJ's conclusion that the Plaintiff could perform his past relevant work. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment **[Doc. 13]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 15]** be **GRANTED**.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).